**In re James Francis KORTING, Yvonne Sue Korting, Debtors.**

**Bankruptcy No. 2–81–00156.**

United States Bankruptcy Court, S. D. Ohio.

June 5, 1981.

Mitchel D. Cohen, Columbus, Ohio, for debtors.

Frank Pees, Worthington, Ohio, Trustee.

### ORDER ON MOTION TO WAIVE BOND REQUIREMENT

R. J. SIDMAN, Bankruptcy Judge.

On May 13, 1981, the Chapter 13 debtors, James and Yvonne Korting, filed an application for removal of a certain pending state court action pursuant to the provisions of Rule 7004(a) of the Local Interim Bankruptcy Rules. On June 2, 1981, the debtors filed a motion to waive the bond requirement contained in Rule 7004(b) of such Local Interim Bankruptcy Rules. The bond requirement is stated as follows:

"Except where a trustee or *debtor in possession* in a case under the Bankruptcy Code or the United States is an applicant, each application for removal of a civil action or proceeding shall be accompanied by a bond with good and sufficient surety conditioned that the party will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the civil action or proceeding was not removable or was improperly removed." Rule 7004(b), Local Interim Bankruptcy Rules. (emphasis added)

The provisions of § 1306(b) of the Bankruptcy Code are relevant on this issue:

"Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate." 11 U.S.C. § 1306(b).

For the purposes of the bond requirement contained in Rule 7004(b) of the Local Interim Bankruptcy Rules, this Court hereby finds that the Chapter 13 debtors are debtors in possession and thus no bond is required of such debtors on the application

for removal filed in this case. With this finding, the Court hereby finds that the motion of the debtors to waive the bond requirement is without merit because no bond is required. The motion is hereby denied.

IT IS SO ORDERED.